IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AHMAD TEJAN KUYATEH          §
(TDCJ No. 2205021),          §
                             §
          Plaintiff,         §
                             §
V.                           §          No. 3:19-cv-1903-M-BN
                             §
THOMAS A. WILDER, ET AL.,    §
                             §
          Defendants.        §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ahmad Tejan Kuyateh, now a Texas prisoner, filed a *pro se* complaint appearing to allege that the defendants named violated his constitutional rights. *See* Dkt. No. 3. His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should *sua sponte* transfer this case to the Fort Worth Division of this district.

**Applicable Background, Legal Standards, and Analysis**

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *See Davis v. La. State Univ.,* 876 F.2d 412, 413 (5th Cir. 1989). The section provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which

any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b).

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," *id.* § 1404(a)*; see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. DREDGE LEONARD FISHER*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) ("A transfer of venue may be made upon the motion of any party or by the court *sua sponte*." (collecting cases)).

Because the defendants named all appear to at least work in Tarrant County, *see* Dkt. No. 3 at 11-13, within the Fort Worth Division of the Northern District of Texas, *see* 28 U.S.C. § 124(a)(2), the undersigned concludes that this action should be transferred to that division of this district.

## Recommendation

The Court should transfer this action to the Fort Worth Division of the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2019

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE